HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHALMERS C. JOHNSON, | No. 12-cv-5847-RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #14) |
| DAVID B. VAIL, et al., | |
| Defendants. | |

Plaintiff was terminated from his job on September 25, 2009. On September 20, 2013—five days before the statute of limitations expired—Plaintiff filed suit alleging both federal and state causes of action. On December 10, 2012, Plaintiff filed an Amended Complaint. And on January 9, 2013, Plaintiff served the Amended Complaint.

Defendants argue that the Court should dismiss the case because Plaintiff failed to serve his Complaint within 120 days of the filing date and for insufficient service.

The Motion is denied. Plaintiff served his Amended Complaint on January 9, 2013, less than 120 days after the original filing date. The Amended Complaint adds a claim under Title VII, a claim arising "out of the conduct, transaction or occurrence set out" in the original Complaint. Fed. R. Civ. P. 15(c)(1)(B). The amended claim therefore relates back to the date of the original filing. In opposing this result, Plaintiff cites *Lindley v. General Electric Co.*, 780 F.2d 797, 799 (9th Cir. 1986), a case wholly inapplicable here. In *Lindley*, the Ninth Circuit confronted an amended complaint that added new parties, not new claims—a distinction that

1  produces entirely different results.  *Compare* Fed. R. Civ. P. 15(c)(1)(B) and (C) (providing
2  different rules for the relation back of added parties and added claims)).
3     Next, Defendants argue that the Washington's 90-day period to perfect service should
4  apply to the state-law claims rather than the federal courts' 120-day period.  Contrary to
5  Defendants' statements, they have no citation for such a proposition.  The case cited, *Mason &*
6  *Dixon Intermodal, Inc. v. Lapmaster Intern. LLC*, 632 F.3d 1056 (9th Cir. 2011) is wholly
7  inapplicable.  The Ninth Circuit unremarkably states that a federal court "applies state
8  substantive law to the state law claims."  *Id.* at 1060.  Somehow, Defendants conclude that this
9  quote shortens Rule 4(m)'s 120-day window to Washington's 90-day window for state-law
10 claims.  To the contrary, the time period for service is possibly the clearest example of
11 *procedural* law in all the federal rules, and the *Erie* doctrine does not alter it.
12    Defendants' Motion to Dismiss (Dkt. #14) is **DENIED**.

14    Dated this 10th day of May, 2013.

        _____
        RONALD B. LEIGHTON
        UNITED STATES DISTRICT JUDGE