HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHALMERS C. JOHNSON,<br><br>               Plaintiff,<br><br>    v.<br><br>DAVID B. VAIL, et al.,<br><br>               Defendants. | CASE NO. 3:12-cv-05847-RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>[DKT. #19] |

## I. BACKGROUND

THIS MATTER is before the Court on Defendants' Motion to Dismiss[1] Plaintiff's common law wrongful termination in violation of public policy claim [Dkt. #19]. Plaintiff Chalmers Johnson worked as an attorney at Defendant Vail's law firm for about a year before he was fired in September 2009. He was apparently an hourly employee. Almost three years later, Johnson sued. He claims that he was subjected to a sexually hostile workplace environment, that the firm's overtime payment policies violated Federal labor laws, and that he was fired in retaliation for complaining about these and other things. Johnson also claims that he was

---

[1] Vail erroneously moves to dismiss under Fed. R. Civ. P. 50(a)—Judgment as a Matter of Law in a Jury Trial. The Court will construe the Motion as one for partial Summary Judgment, seeking judgment as a matter of law.

ORDER- 1

wrongfully terminated in violation of public policy. Vail moves for summary judgment on Johnson's "public policy" claim, arguing that it is not available if existing statutory protections are adequate. Because existing statutes do protect the public policies that Johnson seeks to enforce, the public policy claim is not available to Johnson as a matter of law. Vail's Motion for Partial Summary Judgment is GRANTED and Johnson's public policy claim is DISMISSED with prejudice.

### A.     Factual Summary

Chalmers Johnson began working for Vail's law firm in July 2008. Johnson soon came to believe that he was being subjected to a sexually hostile work environment and that the firm's overtime pay policy was unlawful. Johnson does not provide details about workplace harassment, but briefly describes a "comp time" policy that he claims violated his right to overtime pay under the FLSA. Indeed, he claims that he is entitled to some *900 hours* of unpaid overtime, accrued during the 14 months he worked as an attorney there. Johnson claims he filed formal grievances through the firm's written complaint policy, which Vail denies. Johnson's brief (yet contentious) tenure ended when Vail fired him on September 25, 2009. Johnson claims that Vail fired him because, among other reasons, Vail (correctly) anticipated that Johnson was going to sue the firm. Vail disputes that Johnson's termination was retaliatory.

Nearly three years later, as the limitations period was about to expire, Johnson sought and received from the EEOC a Right to Sue letter, and he filed his Complaint in September, 2012. Johnson amended the complaint in December, and the operative complaint asserts four causes of action: (1) retaliation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; (2) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; (3) violation of RCW 49.48.010, Washington's overtime law; and (4) the termination in violation of public policy tort claim.

Vail moves for Partial Summary Judgment on the public policy claim. Vail argues that that claim is only viable when a plaintiff's rights are not adequately protected under existing law. As Vail points out, Johnson concedes that his rights are protected under the three statutes that form the bulk of his complaint. Johnson responds that the public policy cause of action is nevertheless available to him because he may not prevail on his statutory claims, and he has the right to plead inconsistent claims in the alternative. Johnson argues that Vail's motion is premature because it is impossible to know whether a statute protects his rights until after his other claims are dealt with on the merits.

## II.   DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Wrongful termination in violation of public policy is an intentional tort. *Havens v. C & D Plastics, Inc.*, 124 Wn.2d 158, 177, 876 P.2d 435 (1994); *Cagle v. Burns & Roe, Inc.*, 106 Wn.2d

911, 726 P.2d 434 (1986). To prevail, the complaining employee "must prove (1) the existence of a clear public policy (*clarity* element); (2) that discouraging the conduct in which [he or she] engaged would jeopardize the public policy (*jeopardy* element); and (3) that the public-policy-linked conduct caused the dismissal (*causation* element)." *Hubbard v. Spokane County,* 146 Wn.2d 699, 707, 50 P.3d 602 (2002) (emphasis in original). Courts apply a "strict adequacy" standard: the public policy tort is precluded unless it is the only available means to protect the public policy. *Cudney v. ALSCO, Inc.*, 172 Wn.2d 524, 530, 259 P.3d 244 (2011). The Court may determine strict adequacy as a matter of law if "the inquiry is limited to examining existing laws to determine whether they provide adequate alternative means of promoting the public policy." *Korslund v. DynCorp Tri–Cities Servs., Inc.,* 156 Wn.2d 168, 182, 125 P.3d 119 (2005). If existing laws promote the policy, there is no need for the public policy tort and the jeopardy element is moot.

In support of his public policy claim, Johnson states: "It is a clear mandate of public policy by the State of Washington, [sic] and by the federal government that employers should properly and timely pay overtime wages to hourly workers who have earned them." Amended Complaint at 6, Dkt. #4. He then claims that Vail's alleged violations of overtime wage law, and firing him for complaining about them, are contrary to that public policy. Johnson is correct: the clarity of the policy is made evident by the existence of both federal and state statutes that set out specific overtime pay rules. The FLSA expressly requires overtime pay and imposes penalties on employers violating the rules. It provides a minimum overtime pay rate of one-and-a-half times the normal rate (29 U.S.C. § 207) and allows employees to sue violators (29 U.S.C. § 216). Retaliation against an employee for seeking to enforce these rights is likewise specifically prohibited by both the FLSA and Title VII. *See* 29 U.S.C. § 215(a)(3); 42 U.S.C.A. § 2000e-3.

And Washington law provides identical protection for workers not covered by the FLSA. *See* RCW 49.46.130; RCW 49.46.100.

While Johnson is correct that the state and federal statutes are a clear legislative expression of public policy, this fact undercuts his argument. The FLSA, Title VII, and RCW 49.48.010 provide more-than-adequate protection of the *exact* public policies Johnson seeks to vindicate; namely, the right to overtime pay and the right to be free from retaliatory firing. The FLSA alone creates the right to overtime payment, prohibits retaliation, and provides for penalties and a cause of action if an employer violates its provisions.

Johnson's argument that his public policy claim must be preserved until his statutory claims are litigated is misguided. Public policy claims may only be brought in Washington if existing statutes do not adequately protect the allegedly violated public policies. The availability of the public policy claim turns on *adequacy* of statutory protection, not *entitlement* to relief. No fewer than three statutes protect an hourly worker's right to overtime pay and prohibit retaliatory firing. Johnson's public policy claim fails as a matter of law, and Vail's Motion for Partial Summary Judgment is **GRANTED**.

### III.   CONCLUSION

Existing statutes comprehensively protect employees from overtime wage violations and retaliatory firing. Johnson may seek relief under any or all of them (and in fact has). Vail is therefore entitled to judgment as a matter of law on Johnson's public policy claim. Vail's Motion

//

//

//

//

for Partial Summary Judgment is **GRANTED** and the public policy wrongful discharge claim is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated this 10th day of February, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE