HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHALMERS C. JOHNSON, a single
individual,

                    Plaintiff,

     v.

DAVID B. VAIL, et al,

                 Defendant.

CASE NO. C12-5847RBL

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

THIS MATTER came before the court for trial on March 17-19, 2014. The Plaintiff, Chalmers C. Johnson, appeared pro se. The Defendants appeared with their attorney, Peter T. Petrich of Davies Pearson, P.C. The court heard the testimony of Chalmers Johnson, Martha Boden, David Vail, Jennifer Cross, Bridgette Lind, Teja Cronk, Tara Reck, and Shelly Speir. The court has also reviewed all of the exhibits admitted into evidence and has considered the arguments of counsel.

NOW, THEREFORE, based on the evidence before the court, the court enters the following Findings of Fact:

## **FINDINGS OF FACT**

1.      The plaintiff, Chalmers C. Johnson, is an unmarried man and has resided in the Western District of Washington at all relevant times.

2.      Defendant David B. Vail & Jennifer Cross-Eutenier & Associates, PLLC is a law firm organized as a Washington Professional Limited Liability Company and that has conducted business in Pierce County, Washington at all relevant times.

3.      Defendants David B. Vail and Paula Vail are married persons and have resided in Pierce County, Washington at all relevant times.

4.      Defendants Jennifer Cross-Eutenier and Eric Eutenier are married persons and have resided in Pierce County, Washington at all relevant times herein.

5.      At trial, the plaintiff presented three causes of action against the Defendants: (1) retaliatory termination in violation of the Fair Labor Standards Act of 1938, codified at 29 U.S.C. 201, *et seq.* (FLSA); (2) retaliatory termination in violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. 2000e-3, *et seq.*; and (3) violation of a Washington wage statute, codified at RCW 49.48.010.

6.      At the beginning of trial, plaintiff withdrew his claim for retaliatory termination in violation of the Fair Labor Standards Act of 1938.

7.      As affirmative defenses, the Defendants have asserted that: (1) plaintiff's Amended Complaint fails to state a claim upon which relief may be granted; (2) plaintiff's claims are time-barred by applicable statutes of limitation; (3) plaintiff failed to perfect service of process of the original Complaint and, therefore, service of the Amended Complaint after the statute of limitations had expired was insufficient; (4) plaintiff is an exempt employee and is not entitled to any relief under the FLSA; and (5) plaintiff presented the Amended Complaint to

1  needlessly harass the Defendants and the allegations and claims contained therein are not

2  warranted and are not supported by admissible evidence.

3      8.     The Defendants further requested an award of their reasonable costs and attorney

4  fees incurred in responding to plaintiff's Amended Complaint under 28 U.S.C. §1927.

5      9.     Plaintiff Chalmers C. Johnson is an attorney licensed to practice law in the state

6  of Washington.

7      10.    The law firm of David B. Vail & Jennifer Cross-Eutenier & Associates, PLLC

8  (hereafter "Vail-Cross") hired Mr. Johnson in July 2008 to work as a litigation attorney in its

9  workers compensation and personal injury practice groups.

10     11.    Vail-Cross paid Mr. Johnson on a salary basis.

11     12.    Vail-Cross acted reasonably in not paying Mr. Johnson—a professional—

12  "overtime" wages.

13     13.    There is no evidence that Vail-Cross willfully withheld any wages from Mr.

14  Johnson to which Mr. Johnson was entitled.

15     14.    By December 2008, Mr. Vail had become concerned about Mr. Johnson's work

16  performance, noting that the time required for Mr. Johnson to prepare cases called into doubt his

17  statements regarding his command of trial practice and the rules of evidence.

18     15.    By December 2008, Mr. Vail also had concerns about Mr. Johnson's integrity,

19  noting that statements that Mr. Johnson made about his work did not comport with statements

20  that clients made about his work.

21     16.    Mr. Vail also noted that Mr. Johnson's work product in workers compensation

22  cases was woefully deficient.

23

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 3

17.     Accordingly, in March 2009, Vail-Cross was constrained to stop assigning Mr. Johnson workers compensation cases.

18.     Also in March 2009, in conformance with Vail-Cross's progressive discipline policy, Mr. Vail and Mr. Johnson had a detailed conversation regarding Vail-Cross's opinion that Mr. Johnson's job performance was deficient, which Mr. Vail audio recorded.

19.     Also in the spring of 2009, Vail-Cross began an investigation into Mr. Johnson's workplace conduct, including by intermittently monitoring Mr. Johnson's firm computer and e-mail account.

20.     During Mr. Johnson's tenure at Vail-Cross, he informed his colleagues that the wages that Vail-Cross paid were too low and that he intended to leave Vail-Cross and open his own firm after learning the workers compensation from Mr. Vail.

21.     Mr. Johnson also informed his colleagues that Vail-Cross's personnel manual would not "hold up in court" and that he intended to sue Vail-Cross.

22.     Mr. Johnson did not have any conversation with Mr. Vail in which he objected to Vail-Cross's "overtime" procedures.  Mr. Johnson did, however, complain of "overtime" procedures to the Office Manager, Bridgette Lind.

23.     In September 2009, Mr. Johnson did not work in excess of 40-hours per week at Vail-Cross.

24.     Mr. Johnson claims he worked 983.0 hours beyond a "typical" 40-hour work week in his first year at Vail-Cross.  This is an average of 58.9 hours per week for the year.  Mr. Johnson's testimony lacks credibility.

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 4

1        25.    During Mr. Johnson's tenure at Vail-Cross, from time-to-time, Mr. Johnson may

2  have overheard his female coworkers engaging in general conversations—in which he did not

3  participate—regarding sex, hygiene, biology or anatomy.

4        26.    Any general conversations between Vail-Cross employees regarding sex, hygiene,

5  or anatomy could have been overheard by men and women alike and were not based on Mr.

6  Johnson's sex.

7        27.    Any general conversations between Vail-Cross employees regarding sex, hygiene,

8  biology or anatomy that Mr. Johnson may have overheard were not sufficiently severe or

9  pervasive to alter the conditions of Mr. Johnson's employment or to create an abusive working

10  environment.

11        28.    Mr. Johnson's belief that overhearing such conversations created a hostile

12  working environment is not reasonable.

13        29.    On September 25, 2009, as part of Vail-Cross's ongoing investigation regarding

14  Mr. Johnson's workplace conduct, office manager Bridgette Lind reviewed an e-mail exchange

15  between another attorney in the firm, Mr. Johnson, and Mr. Johnson's girlfriend regarding Mr.

16  Johnson's sexual relationship with the wife of a client.

17        30.    Bridgette Lind promptly informed Mr. Vail about this September 25, 2009 e-mail.

18        31.    Mr. Vail was alarmed by the September 25, 2009 e-mail and became immediately

19  concerned that Mr. Johnson's conduct lacked integrity and would jeopardize clients' trust in the

20  firm.

21        32.    Vail-Cross determined that it had no choice but to terminate Mr. Johnson's

22  employment and to conduct a further investigation.

23

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 5

1    33.    In order to preserve the integrity of its investigation, Vail-Cross determined that

2  Mr. Johnson's termination needed to be immediate.

3    34.    On September 25, 2009, Vail-Cross terminated Mr. Johnson's employment.

4    35.    In terminating Mr. Johnson, Mr. Vail informed Mr. Johnson that Vail-Cross was

5  terminating him for four reasons: (1) Vail-Cross was concerned about Mr. Johnson's honesty and

6  was conducting a further investigation, (2) Mr. Vail believed that Mr. Johnson's lack of candor

7  had prompted him to delete much of the recording of their March 2009 conversation regarding

8  Mr. Johnson's deficient job performance, (3) Vail-Cross believed that Mr. Johnson was not loyal

9  to the firm because he had informed colleagues that the wages paid by Vail-Cross were too low

10  and that he intended to open his own firm after learning the workers compensation practice area

11  from Mr. Vail, and (4) Mr. Johnson hurt morale at Vail-Cross by telling colleagues that Vail-

12  Cross's personnel manual would not "hold up in court" and that he intended to sue Vail-Cross on

13  an unspecified cause of action.

14    36.    The four reasons that Vail-Cross gave for terminating Mr. Johnson's employment

15  are reasonable and non-discriminatory.

16    37.    The evidence does not show that Vail-Cross's four stated reasons for terminating

17  Mr. Johnson's employment were pretextual.

18    38.    After Vail-Cross terminated Mr. Johnson's employment on September 25, 2009,

19  its subsequent investigation produced evidence that Mr. Johnson had regularly viewed

20  pornographic images on his firm computer and received and sent sexually explicit e-mail

21  messages on his firm e-mail account, which would have caused Vail-Cross to terminate Mr.

22  Johnson's employment had it not already done so.

23

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 6

1   39.   On September 20, 2012, Mr. Johnson commenced this litigation by filing a

2   Complaint in the United States District Court for the Western District of Washington at Tacoma.

3   40.   Mr. Johnson later received a Notice-of-Right-to-Sue from the Equal Employment

4   Opportunity Commission (EEOC) dated October 3, 2102.

5   41.   On December 10, 2012, Mr. Johnson filed an Amended Complaint in this

6   litigation, which was served on the Defendants in January 2013.

7   42.   The testimony of David B. Vail, Jennifer Cross-Eutenier, and Bridgette Lind is

8   credible.

9   43.   After hearing all testimony presented, the court finds that the testimony presented

10  by the defendants is more credible than the testimony presented by the plaintiff.

11  NOW, THEREFORE, based on the foregoing Findings of Fact, the Court enters the

12  following Conclusions of Law:

13  **CONCLUSIONS OF LAW**

14  1.   The court has jurisdiction over the parties and subject matter of this action in

15  accordance with 29 U.S.C. §215(a)(3), *et seq.*; 42 U.S.C. §20003-4; and 28 U.S.C. §1367.

16  2.   Plaintiff bears the ultimate burden of proof on each of his claims and that burden

17  is by a preponderance of the evidence.

18  3.   As a licensed attorney who Vail-Cross employed to practice as a litigation

19  attorney in its workers compensation and personal injury practice areas, Mr. Johnson is covered

20  by the FLSA's professional exemption in 29 U.S.C. §213(a)(1) and 29 C.F.R. §541.300(a)(1)-

21  (2)(i).  Accordingly, Mr. Johnson was an exempt employee who has no basis for relief under the

22  FLSA.

23

24

1    4.    Additionally, Vail-Cross's four stated reasons for terminating Mr. Johnson are

2    reasonable and non-discriminatory.

3    5.    Mr. Johnson has did not prove that Vail-Cross's four stated reasons for

4    terminating his employment were pretextual.

5    6.    An employee's right to overtime wages under Washington law is governed by

6    chapter 49.46 RCW.

7    7.    Under Washington law, the general requirement for employers to pay overtime

8    wages to employees who work more than 40-hours per week does not apply to any person

9    exempted under RCW 49.48.010(3) or RCW 49.46.130(2)(a)-(b).

10    8.    Professionals are exempted from Washington's overtime statute.  RCW

11    49.46.010(3)(c).

12    9.    For purposes of chapter 49.46 RCW, "professionals" include persons whose work

13    requires the consistent exercise of discretion and judgment in its performance and whose work is

14    predominantly intellectual and varied in character.  WAC 296-128-530(2)-(3).

15    10.    Mr. Johnson is a professional and his employment at Vail-Cross is exempted from

16    chapter 49.46 RCW.

17    11.    Accordingly, Mr. Johnson is not entitled to "overtime" wages under RCW

18    49.48.010.

19    12.    In summary, the court finds in favor of the Defendants on each of Plaintiff's

20    claims.

21

22

23

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW - 8

1        13.     Defendants' claims under 28 U.S.C. § 1927 and 42 U.S.C. § 2000e.5(k) for

2  attorney's fees are **DENIED.**

3       Dated this 24th day of March, 2014.

4

5                  _____

6                  RONALD B. LEIGHTON
                      UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24